IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. CORTEZ GORE**

**Criminal Court for Sullivan County**
**No. S78507**

_____

**No. E2026-00769-CCA-R9-CD**

_____

**ORDER**

The pro se Defendant has filed an application seeking an interlocutory appeal from the trial court's order granting counsel's motion to withdraw from representation. Upon preliminary consideration, we determine that the application is procedurally insufficient for this court's review. Therefore, the State need not file an answer to the application. The Defendant's application for interlocutory appeal is DENIED.

**PROCEDURAL BACKGROUND**

The application and its attachments reflect that the Defendant was indicted on June 26, 2024, for resisting arrest alleged to have occurred on September 15, 2023. On May 8, 2026, the Defendant requested trial counsel file a motion to dismiss the indictment arguing that the indictment was brought outside the statute of limitation. Following counsel's advising the Defendant that there was "no statute of limitations issue," counsel filed a motion to withdraw from representation alleging that the attorney-client relationship was irretrievably broken. On May 12, 2026, the trial court granted counsel's motion to withdraw and directed that the Defendant "shall have 30 days from the entry of this Order to obtain new counsel." The Defendant filed his application for interlocutory appeal to this court on May 21, 2026.

**ANALYSIS**

Rule 9 of the Tennessee Rules of Appellate Procedure outlines the procedure for obtaining interlocutory appellate review of a trial court order. Both the trial and appellate courts must approve the appeal. To that end, a party must first file a motion in the trial court requesting the appeal within thirty days of the order being appealed. Tenn. R. App. P. 9(b). If the trial court determines the interlocutory appeal shall be allowed to proceed,

the party must then file an application for permission to appeal in this court within ten days of the trial court's order granting the appeal. Tenn. R. App. P. 9(c). The application must be accompanied by copies of the trial court order from which appellate review is sought, the trial court's statement of reasons for granting the appeal, and the other parts of the record necessary for consideration of the application. Tenn. R. App. P. 9(d). Thus, and because there is generally no record already on file in this court, when a party seeks a Rule 9 appeal, it is that party's responsibility to provide this court with an *ad hoc* record of the proceedings below.

The record before this court does not establish that the Defendant sought and obtained permission to proceed on interlocutory appeal in the trial court. Tenn. R. App. P. 9(b). Therefore, we conclude that the application before this court is procedurally insufficient for this court's review.

## CONCLUSION

Accordingly, the Defendant's application for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure is respectfully DENIED. The costs associated with this proceeding are taxed to the Defendant, Cortez Gore, for which let execution issue, if necessary.

JUDGE STEVEN W. SWORD
JUDGE ROBERT H. MONTGOMERY, JR.
JUDGE TOM GREENHOLTZ